# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

Jonathan Snow

Plaintiff(s),

                                                      Case No. 6:24-cv-924

                     v.                      COMPLAINT

Orange County Florida

Defendant(s).                           Jury Trial Demanded

## COMPLAINT

Plaintiff Jonathan Snow ("Plaintiff" or "Snow") by his attorneys files this Complaint against Defendant Orange County FL ("Defendant" or "[Name]") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action seeking declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful interference with, restraint, and/or denial of Plaintiff's rights under the

Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") and/or retaliation for exercising rights protected by the FMLA.

2. Plaintiff is seeking reinstatement, backpay, front pay, damages and attorneys' fees.

## THE PARTIES

3. Plaintiff Jonathan Snow is an individual residing in Winter Springs, Florida and a citizen of the state Florida.

4. Defendant County of Orange Florida is a political subdivision of the state of Florida, with its principal place of business 201 S. Rosalind Avenue, 5th floor Orlando, Florida 32801.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 2617(a)(2).

6. This Court has personal jurisdiction over Defendant Orange County because Defendant Orange County is a political subdivision of the State of Florida.

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because the defendant is a governmental corporation in this district and all other defendants reside in this district or a district within this state.

**FACTS**

8. At all relevant times, but no later than May of 2020, Plaintiff met the definition of an "eligible employee" under the FMLA because he worked for Defendant at a location with 50 or more employees within a 75-mile radius, worked more than 1,250 hours for Defendant within the 12 months preceding the leave for which FMLA leave was requested and had a family member who has a qualifying serious health condition to wit: The Plaintiff's wife gave birth to a daughter on November 3rd, 2021. Both the daughter and the wife were hospitalized following the birth.

9. Hospitalization of a spouse is a qualifying event under the FMLA.

10. Birth of a newborn child is a qualifying event under the FMLA.

11. Plaintiff contacted his employer defendant Orange County on the night of November 3rd, 2021, to advise them his wife was in the hospital.

12. Plaintiff could not provide any earlier notice to the Defendant Orange County because the labor and delivery was premature and accordingly Plaintiff did not know in advance of the event that it would happen.

13. On November 11th, 2021, the Plaintiff submitted completed FMLA paperwork Orange County. Included in the documents submitted was the U.S. Department of Labor Form 380E (Certification of Health Care Provider for Employee's Serious Health Condition Under Family and Medical Leave Act)

14. The medical provider noted that the qualifying condition was due to pregnancy as the Plaintiff's wife gave birth on November 3rd, 2021. The certification also noted that the Plaintiff would need to assist his wife with post-partum care and recovery for three (3) weeks then assist her with recovery and transport her to and from appointments.

15. The medical note noted that the employer should allow the Plaintiff to work a reduced work schedule to take medical care of his wife. The medical note stated that the Plaintiff needed to be off work consecutively from November 3rd, 2022 through November 24th, 2022 to take care of his wife's post-partum needs then, the Plaintiff should work

4

a reduced schedule 8 hours a day 2-3 time a week from November 25th, 2022 through January 30th, 2023.

16. The Defendant approved FMLA leave Plaintiff's request for FMLA leave in a written reply sent November 18th, 2021. Defendant approved leave for three consecutive weeks starting November 3rd, 2021, through November 25th, 2021, and for a reduced work week schedule from November 26th, 2021, through January 30th, 2022. Defendant incorrectly and erroneously designated the "Reduced Worked Week" as being attributable to Plaintiff's daughter's birth. Defendant did not address Plaintiff's request for intermittent leave for Plaintiff's wife's serious health condition nor did Defendant make any request for clarification of Plaintiff's wife's serious health condition.

17. Plaintiff contacted Defendant on December 2nd, 2021 via email in which he indicated his FMLA leave was not being followed correctly. Specifically, Plaintiff reaffirmed that he was not in need of intermittent leave for 'bonding' but rather to care for his wife's medical needs.

18. The Plaintiff and Defendant agreed to a leave schedule on or about December 15th, 2021.

19. Despite the agreement, the Defendant did not follow the agreed schedule and repeatedly noted attendance issues that were inconsistent with the agreed schedule.

20. The Defendant intentionally by letter revoked/denied Plaintiff's leave without legal justification on January 21st, 2022.

21. The Defendant intentionally ignored the written justifications for FMLA and sent Plaintiff an incorrect designation notice.

**FIRST CLAIM FOR RELIEF**

**RETALIATION FOR REQUESTING LEAVE**

22. The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 21

23. Defendant by its actions retaliated against Plaintiff for exercising his rights under the FMLA.

24. Defendant was aware that the FMLA prohibited ignoring his documented leave for leave or was reckless in its disregard of the known law.

25. As a result of Defendant's conduct, Plaintiff has been damaged in an amount to be determined by the court.

## SECOND CLAIM FOR RELIEF

## RETALIATORY TERMINATION FOR EXERCISING RIGHTS UNDER FMLA

26. The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 21.

27. On March 5th, 2022 Defendant's Employee and Plaintiff's supervisor Gavin Lugo antagonized Plaintiff with the intention of instigating a verbal disagreement with Plaintiff.

28. Gavin Lugo engaged in this behavior when Plaintiff had completed his shift and was leaving the premises.

29. Gavin Lugo had no legitimate reason to speak to Plaintiff other than to harass, annoy, alarm and retaliate against plaintiff.

30. Gavin Lugo was the supervisor who Plaintiff previously complained was not following the agreed FMLA schedule.

31. As a result of the argument Plaintiff was charged with workplace insubordination and conduct unbecoming. He was terminated on May 18th, 2022.

32. Plaintiff's termination was not for cause, not justified and was retaliatory. Specifically, Defendant's Employee Gavin Lugo created the fact pattern that resulted in the termination to retaliate against Plaintiff for the Plaintiff insisting that Defendant follow the FMLA.

## THIRD CLAIM FOR RELIEF

## RETALIATION FOR PARTICIPATION IN FMLA

33. The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 21.

34. Defendant retaliated against Plaintiff for participating in activity protected under the FMLA

## FOURTH CLAIM FOR RELIEF

## RETALIATION AGAINST PLAINTIFF FOR OPPOSING VIOLATIONS OF THE FMLA

35. The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 21.

36. Defendant retaliated against Plaintiff for Plaintiff opposing Defendant's illegal behavior under the FMLA.

## FIFTH CLAIM FOR RELIEF

## INTERFERENCE WUTG PLAINTIFF EXERCISING HIS RIGHTS PURSUANT TO THE FMLA

37. The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 21.

38. Defendant by its actions interfered with Plaintiff exercising his rights under the FMLA

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants, granting Plaintiff the following relief:

1. The entry of judgment in favor of the Plaintiff on each and every cause of action;

2. Lost wages incurred by Plaintiff as a result of the illegal termination

3. Liquidated damages equal to the amount of lost wages

4. Reinstatement of Plaintiff to his prior position with Employer

5. The award of costs of the suit and attorney's fees; and

6. Such other relief, including but not limited to non-economic damages as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues that are so triable.

Dated: May 17, 2024

    Respectfully submitted,

*/s/ Joseph T Peckham*
Joseph T Peckham
Florida Bar No. 1024835
Law Office of Joseph T Peckham, PLLC
7025 CR 46A Ste 1071-333
Lake Mary FL 32746
v: 407-789-2740
f: 407-986-4848
[Joe.Peckham@jpeckhamlaw.com](mailto:Joe.Peckham@jpeckhamlaw.com)
**Attorney for Plaintiff**